IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TEACHERS UNION, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BOARD OF EDUCATION OF THE CITY ) <br> OF CHICAGO, et al., ) <br> ) <br> Defendants. ) | Case No. 12 C 10311 <br><br> Judge Sara L. Ellis <br> Magistrate Judge Young Kim |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF
MOTION TO COMPEL PRE-2012 TURNAROUND EVIDENCE**

Plaintiffs, the Chicago Teachers' Union and the above-noted individuals, respectfully request that the Court pursuant to Fed. R. Civ. P. 54(b) reconsider its order denying *in part*, Plaintiffs' Motion to Compel discovery of pre-2012 evidence and data concerning Defendant Chicago Board of Education's ("the Board") pattern and practice of reconstituting schools in the Chicago Public Schools ("CPS") system.[1] In support of their Motion, Plaintiffs state as follows:

1. On August 26, 2013, Plaintiffs filed their Motion and Memorandum in Support of Class Certification of a class of African-American tenured teachers and staff displaced in 2012 from their employment with the Board as a result of its practice of reconstituting, or "turning around," selected schools by removing and replacing all administrators, faculty, and staff. *See* Dkt. # 63. On May 27, 2014, this Court denied class certification on the grounds that Plaintiffs failed to satisfy the requirements of Rules 23(a)(2), 23(b)(2), and 23(b)(3). *See* Dkt. # 104.

---

[1] Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order. . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

2. On April 11, 2014, the Board moved for leave to file a Motion for Summary Judgment in this Court on the issue of the turnarounds' adverse impact. *See* Dkt. # 94. On April 23, 2014, this Court granted the Board's motion. *See* Dkt. # 100. In light of the potential for summary judgment, Plaintiffs then submitted a Request for Production of Documents to discover data concerning the Board's pre-2012 turnaround policies as relevant to its claim of a pattern and practice of discrimination. *See* Dkt. # 135. Because the Board refused to produce this information, Plaintiffs and the Board filed in this Court on April 13, 2015, an Amended Joint Statement Regarding Plaintiff's Motion to Compel discovery of evidence concerning pre-2012 turnarounds. *See* Dkt. #141, at 5-7.

3. In the Amended Joint Statement, the Board opposed Plaintiffs' requests for the this information because the case was "limited to three individual plaintiffs, rather than proceeding as a class action." Dkt. #141, at 8; *see id.* at 10 ("[T]he cases cited by Plaintiffs in support of allowing the sought after pattern and practice framework discovery all involved claims based on court certified plaintiff classes, in addition to individual claims, which is distinguishable from this case presently."); *see id.* at 11 ("[I]ndividual plaintiffs (separate from a class action) may not pursue a pattern and practice based framework of proof (or presumably related discovery)."). On April 22, 2015, this Court denied *in part* Plaintiffs' Motion to Compel, specifically as it related to the historical data surrounding the Board's pre-2012 turnarounds. *See* Dkt. # 152.

4. On August 7, 2015, the Seventh Circuit Court of Appeals reversed this Court's denial of class certification and remanded the case for further consideration consistent with its opinion.

5. In light of the Seventh Circuit's reversal, Plaintiffs now move for reconsideration of this Court's denial of their Motion to Compel discovery of evidence concerning pre-2012 turnaround school data. Because the Board's argument, which this Court invoked in denying in part Plaintiffs' Motion to Compel, relied solely on the unavailability of pattern-or-practice data in a non-class action case, there is no longer any basis for denial of Plaintiffs' request for pre-2012 data. The Seventh Circuit's opinion and order remanding the case for class certification means that the case can no longer be said to involve merely three individual plaintiffs.

**WHEREFORE**, for all the above reasons, Plaintiffs respectfully request that this Court reconsider its order denying in part Plaintiffs' Motion to Compel discovery of evidence and data relating to the Board's pre-2012 turnaround practices.

Respectfully submitted,

 /s/ Robin Potter
One of Plaintiffs' Attorneys

Robin Potter, Esq.
Robin Potter & Associates, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
312-861-1800
robin@potterlaw.org

Randall D. Schmidt, Esq.
Edwin F. Mandel Legal Aid Clinic
University of Chicago Law School
Attorney for the Individual Plaintiffs
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611
r-schmidt@uchicago.edu

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION TO COMPEL PRE-2012 TURNAROUND EVIDENCE** was served upon all parties by e-filing this 13th day of August, 2015 with the Clerk of the Court using the CM/ECF system.

    /s/ Robin Potter
Robin Potter